IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE AND JAMES GREAR, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:21-cv-237-SPB |
| | ) |
| v. | ) |
| | ) |
| U.S. BANK, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

**Susan Paradise Baxter, United States District Judge**

Pending before the Court in the above-captioned case is Defendants' motion to dismiss certain claims in Plaintiffs' Second Amended Complaint. ECF No. 46. This motion will be granted in part and denied in part.

**I. INTRODUCTION**

The instant action arises out of the allegedly wrongful repossession of Plaintiffs' leased vehicle, a 2017 Jeep Cherokee, which Plaintiffs financed through Defendant U.S. Bank. Broadly speaking, Plaintiffs aver that they twice obtained payoff figures for their Jeep Cherokee and then sent the appropriate payoff amounts to U.S. Bank, only to have the payments misapplied and/or returned months later. Although Plaintiffs claim they were never in default of their payment obligations, U.S. Bank allegedly directed Monarch Recovery ("Monarch")[1] to seize the Jeep Cherokee. As a result, Plaintiffs were temporarily deprived of their use of their vehicle and incurred certain out-of-pocket expenses. *See generally* Second Amend. Compl., ECF No. 43, ¶¶ 1-33.[2]

---

[1] The full name of this Defendant, as identified in the Second Amended Complaint, is "TVM Enterprises, Inc. d/b/a Monarch Recovery."

1

In their Second Amended Complaint, Plaintiffs set forth the following claims against U.S. Bank and Monarch: a claim against Monarch alleging violations of the Fair Debt Collections Practices Act, 15, U.S.C. §1692 (Count I); a claim against U.S. Bank and Monarch alleging violations of the Pennsylvania Uniform Commercial Code, 13 Pa. C.S.A. §9609 (Count II); a claim against U.S. Bank and Monarch alleging negligence (Count III); a claim against U.S. Bank and Monarch alleging conversion (Count IV); a claim against U.S. Bank alleging fraud (Count V); a claim against U.S. Bank alleging negligent misrepresentation (Count VI); a claim against U.S. Bank and Monarch alleging violations of the Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S §2270.4(a) & (b), made actionable through Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §201-1, *et seq.* (Count VII); and a claim against U.S. Bank alleging violations of the UTPCPL, 73 P.S. §201-2(4)(xxi) (Count VIII)[3]. *See* ECF No. 43. Defendants have filed a motion to dismiss certain of these claims, ECF No. 46, which the Court addresses as follows.

---

[2] When reviewing a Rule 12(b)(6) motion, the court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). To survive a Rule 12(b)(6) challenge, the plaintiff's "'[f]actual allegations must be enough to raise a right to relief above the speculative level....'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in the original)). "Thus, 'only a complaint that states a plausible claim for relief survives a motion to dismiss.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

[3] Plaintiffs inadvertently asserted the claim in Count VIII against both U.S. Bank and Monarch; however, by stipulation, they have dismissed the UTPCPL claim in Count VIII as it relates to Monarch, leaving only the claim against U.S. Bank. ECF No. 52.

## II. DISCUSSION

### A.

Defendants primarily argue that Plaintiffs' tort claims in Counts III through VI of the Second Amended Complaint should be dismissed pursuant to the "gist of the action" and "economic loss" doctrines. This same argument was previously asserted in connection with Defendants' motion to dismiss the Amended Complaint. In its September 23, 2022 Memorandum Opinion, the Court denied this aspect of the motion to dismiss, doing so without prejudice to the Defendants' right to reassert their "gist of the action" and "economic loss rule" arguments at the Rule 56 stage of these proceedings. *See* ECF No. 41 at 7-9 (citing authority).

While the Court appreciates the parties' renewed (and instructive) briefing on these issues, it presently remains of the view that the relevance *vel non* of the "gist of the action" and "economic loss" doctrines is a matter best left to a later stage of these proceedings, when the evidentiary record is more developed, the full scope of any contractual obligations is known, and the specific conduct of all relevant actors is determined. *See, e.g., Callery v. HOP Energy, LLC*, No. CV 20-3652, 2023 WL 2601178, at *6 (E.D. Pa. Mar. 22, 2023) ("[B]ecause the gist of the action doctrine requires a fact-intensive analysis, courts are cautious about dismissing tort claims at the motion to dismiss stage based on this doctrine.") (citation omitted) (alteration in the original); *Boyer v. Clearfield Cnty. Indus. Dev. Auth.*, Civil No. 3:19-152, 2021 WL 2402005, at *15 (W.D. Pa. June 11, 2021) ("[D]istrict courts in this Circuit commonly allow contract and tort claims to simultaneously proceed into discovery and defer evaluating a gist of the action challenge until the summary judgment stage if necessary.") (citation omitted); *H Contractors, LLC v. E.J.H. Construction, Inc.*, Civil Action No. 16-368, 2017 WL 658240, at *5-6 (W.D. Pa. Feb. 16, 2017) (denying motion to dismiss on "gist of the action" grounds but allowing the

movant to "revisit this issue after the close of discovery"; court also deferring analysis of economic loss doctrine in the interest of developing a more complete evidentiary record). Accordingly, Defendants' motion will be denied without prejudice to the extent it seeks dismissal of Plaintiffs' tort claims based on the "gist of the action" and/or "economic loss" doctrines.

### B.

Defendants' second argument is that the Plaintiffs' negligence claim independently fails to state a cognizable basis for relief. As Defendants point out, a negligence claim consists of four elements: "(1) a legally recognized duty that the defendant conform to a standard of care; (2) the defendant breached that duty; (3) causation between the conduct and the resulting injury; and (4) actual damage to the plaintiff." *Newell v. Montana W., Inc.*, 154 A.3d 819, 822 (Pa. Super. Ct. 2017). Here, Plaintiffs aver, in Paragraph 33 of the Second Amended Complaint, that Defendants were negligent in the following respects:

 a) failing to institute policies, train personnel, and supervise personnel regarding lawful loan payoff practices in the jurisdictions in which it operates;

 b) failing to ensure the creditor had any interest in or the present right of possession to the subject vehicle;

 c) failing to ensure that the vehicle owner was not in default under any agreement with the creditor ordering the repossession.

ECF No. 43, ¶33(a)-(c). Defendants contend that these averments "consist of nothing more than naked assertions devoid of any further factual enhancement supported by mere conclusory statements that are not entitled to the presumption of truth and do not nudge the claim across the line from conceivable to plausible." ECF No. 47 at 9.

Under federal pleading standards, a plaintiff's "'[f]actual allegations must be enough to raise a right to relief above the speculative level[.]'" *Eid v. Thompson*, 740 F.3d 118, 122 (3d

Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Thus, 'only a complaint that states a plausible claim for relief survives a motion to dismiss.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, it must provide more than labels and conclusions; thus a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Instead, a plaintiff must detail "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

In accordance with the foregoing standards, the Court will allow Plaintiffs' negligence claim to proceed to discovery. This Court previously determined in its September 23, 2022 ruling that the allegations currently set forth in Paragraphs 33(b) and (c) of the Second Amended Complaint were sufficient to state a plausible claim for negligence. *See* ECF No. 41 at 11. Nothing in the Second Amended Complaint disabuses the Court of that view. As for Plaintiffs' averment in Paragraph 33(a) that Defendants were negligent in "failing to institute policies, train personnel, and supervise personnel regarding lawful loan payoff practices in the jurisdictions in which [they] operate[ ]," the Court previously construed this averment as a conclusory assertion of the Defendants' breach of a legal duty. *Id.* at 10. Upon further consideration of the matter, however, the Court is satisfied that Plaintiffs' allegation contains enough factual specificity to pass muster under the *Twombly/Iqbal* standard articulated above. Plaintiffs might or might not be able to definitively establish liability under their failure to train/failure to supervise theory; however, "[t]he primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but rather whether they are entitled to offer evidence to establish the facts

alleged in the complaint." *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).  Out of an abundance of caution, the Court will not dismiss Plaintiffs' negligence claim at this time.

### C.

Defendants' third argument pertains to Plaintiffs' claims in Count VII of the Second Amended Complaint, which enumerates various violations of the Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S §2270.4(a) & (b).  In relevant part, Plaintiffs allege the following unlawful conduct, as set forth in Paragraph 59(b) and (c) of their pleading:

> b) As to US BANK, using false, deceptive or misleading representations or means in connection with the collection of a debt, 2270.5(x);
>
> c) As to US BANK, the use of unfair or unconscionable means to collect or attempt to collect an alleged debt, 2270.6[.]

ECF No. 43, ¶59(b) and (c).

Defendants now move for the dismissal of Plaintiffs' FCEUA claim to the extent it is predicated on alleged violations of 73 Pa. Stat. §2270.5(x) and/or §2270.6.  Defendants' reasoning is straightforward:  Section 2270.6 of the FCEUA was repealed and Section 2270.5(x) does not exist.

Plaintiffs respond that their citation to these provisions involved an inadvertent scrivener's error.  Specifically, Plaintiffs state that they intended to cite FCEUA Section 2270.4(b)(5) (pertaining to the use of "any false, deceptive or misleading representation or means in connection with the collection of any debt") in Paragraph 59(b) of the Second Amended Complaint, rather than citing "Section 2270.5(x)."  Similarly, Plaintiffs state that they intended to cite Section 2270.4(b)(6) (pertaining to the use of "unfair or unconscionable means

6

to collect or attempt to collect any debt") in Paragraph 59(c) of the Second Amended Complaint, rather than citing "Section 2270.6."

When the language of Paragraphs 59(b) and (c) is compared to the statutory provisions discussed above, it becomes clear that inaccuracies in Plaintiffs' FCUEA claim are indeed the result of a scrivener's error. Defendants nevertheless posit that, having had "three bites at the apple to perfect their claims," the FCEUA claims based on Sections 2270.5(x) and 2270.6 should be dismissed. ECF No. 56 at 5.

Defendants are correct that the FCEUA claim is technically deficient insofar as it is predicated on statutory provisions that have been repealed or are non-existent. Moreover, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Nevertheless, the Court deems it preferable to allow further amendment of the pleadings so that Plaintiffs' FCEUA claims can be resolved on the merits with the benefit of fact discovery. Accordingly, the Court will dismiss Count VII of the Second Amended Complaint to the extent it is predicated on the conduct set forth in Paragraphs 59(b) and (c), but Plaintiffs will be given leave to file a Third Amended Complaint which references the appropriate statutory provisions.

An appropriate Order follows.

*/s/ Susan Paradise Baxter*
Susan Paradise Baxter
United States District Judge